# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **DENNA SAXON**<br><br>Plaintiff,<br><br>VS.<br><br>**DOLGENCORP, LLC**<br><br>Defendant(s). | **CIVIL ACTION NO.:**<br><br>_____ |

## RENEWAL COMPLAINT FOR DAMAGES

COMES NOW Denna Saxon, by and through undersigned counsel of record, and files this Renewal Complaint for Damages and respectfully shows this Honorable Court as follows:

### BASIS FOR RENEWAL

1.

This case arises out of an injury that occurred on or about January 20, 2019. The statute of limitations for such an action was January 20, 2021. O.C.G.A. § 9-3-33. "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later..." O.C.G.A. § 9-2-61(a).

2.

This case is a renewal of a previously filed action, Superior Court of Franklin County Civil Action Number: 20FV0430M. A copy of the Complaint for the same is attached hereinto as Exhibit A. Exhibit A was filed on December 3, 2020, within the statute of limitations under Georgia Law.

3.

Defendant(s) acknowledged service of the original complaint for damages on February 12, 2021.  A copy of Dolgencorp, LLC's acknowledgement of service is attached hereinto as Exhibit B. "[W]here the issue is the reasonableness of the service on defendant, outside the statute of limitation, of a timely-filed action, the original action is not void, but is merely voidable and, therefore, subject to renewal." Allen v. Kahn, 231 Ga. App. 438, 439 (1998). "Inasmuch as diligence in perfecting service of process in an action properly refiled under O.C.G.A. § 9-2-61(a) must be measured from the time of filing the renewed suit, any delay in service in a valid first action is not available as an affirmative defense in the renewal action." Hobbs v. Arthur, 264 Ga. 359, 360–61(1994).

4.

To the extent that "it is necessary for [a] renewal petition to show affirmatively that the former petition was not a void suit, that it is such a valid suit as may be renewed under [O.C.G.A. § 9-2-61], that it is based upon substantially

the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition," Belcher v. Folsom, 258 Ga. App. 191, 192 (2002), a copy of the Plaintiff's dismissal without prejudice is attached hereinto as Exhibit C.

## VENUE AND JURISDICTION

5.

The defendant Dolgencorp, LLC is a foreign for-profit limited liability company who's principal place of business is located in the State of Tennessee.

6.

The Plaintiff's domicile is located in the State of Georgia.

7.

The amount of controversy in this case exceeds $75,000.00.

8.

The occurrence which gives rise to this Complaint for Damages occurred in Franklin County Georgia.

9.

The defendant Dolgencorp, LLC is subject to the jurisdiction of this Honorable Court.

10.

This venue is proper as to the defendant Dolgencorp, LLC.

## GENERAL FACTS COMMON TO ALL COUNTS

11.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

## THE PREMISES

12.

Defendant Dolgencorp, LLC (hereinafter "Dolgencorp, LLC") owns and/or operates a retail store located at 60 Poplar Springs Rd, Avalon, Georgia 30557 (hereinafter, "premises").

13.

The aforementioned premises is open to the public for business.

14.

On or about January 20, 2019 Dolgencorp, LLC, by express or implied invitation, induced or lead the Plaintiff to come upon the aforementioned premises for a lawful purpose.

15.

On or about January 20, 2019 Plaintiff was an invitee on the premises owned and operated by the defendant Dolgencorp, LLC .

## CONDITIONS LEADING TO INJURY

16.

While on the premises as an invitee, Plaintiff tripped over the door mat inside the store and fell on right side and face.

17.

At all times relevant to this Complaint for Damages, there were no signs and/or warnings to put plaintiff on notice of a potentially dangerous hazard.

## INJURIES AND DAMAGES

18.

The aforementioned circumstances pled in this Complaint for Damages resulted in serious injuries to plaintiff's body.

19.

As a foreseeable and proximate result of Plaintiff's injuries, the Plaintiff has incurred medical expenses in excess of $202,617.97 and lost wages in excess of $1.00.

20.

In addition to the aforementioned damages, Plaintiff has and will endure pain and suffering.

## COUNT I: PREMISES LIABILITY AS TO DOLGENCORP, LLC

21.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

22.

Defendant Dolgencorp, LLC has and had a duty to exercise ordinary care in keeping the aforementioned store and its approaches safe.

23.

Defendant Dolgencorp, LLC, breached the aforementioned duty on January 20, 2019 by failing to use ordinary care in preventing hazardous conditions which could result in an injury.

24.

As a foreseeable and proximate result of the defendant Dolgencorp, LLC's breach, the Plaintiff suffered serious injuries to Plaintiff's body as pled in this Complaint for Damages.

25.

As a foreseeable and proximate result of Plaintiff's injuries, the Plaintiff incurred damages as pled in this Complaint for Damages.

26.

Plaintiff has a cause of action against defendant Dolgencorp, LLC for personal injuries arising from defendant's premises liability.

27.

Plaintiff is entitled to recover from the defendant Dolgencorp, LLC for damages as pled in this Complaint for Damages.

WHEREFORE, the Plaintiff prays that:

a. Summons be issued as to the Defendant(s);
b. that the Defendant(s) be called to answer this Complaint for Damages;
c. that a trial be held on all issues so triable;
d. that a Judgment be entered against the Defendant for all the Plaintiff's specific damages including past and future medical expenses and past and future lost wages, if applicable;
e. that said Judgment include an award of attorneys' fees and costs for the Defendant(s)' bad faith, stubborn litigiousness, and causing the Plaintiff unnecessary time and expense pursuant to O.C.G.A. § 13-6-11; see: Bo Phillips Co. v. R.L. King Properties, LLC, 336 Ga. App. 705 (2016);
f. that said Judgment include a sum to compensate the Plaintiff for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury; and,
g. such further relief as this Court determines is adequate and just.

Executed today, February 22, 2023.

                                  **DOZIER LAW FIRM, LLC**

                                  David Thomas Dorer
                                  Georgia Bar No.: 934408
                                  Attorney for Denna Saxon

DOZIER LAW FIRM, LLC
487 Cherry Street
Post Office Box 13
Macon, Georgia, 31201-0013
(p): 478-742-8441
(f): 478-745-0997
(e): dorerlawteam@dozierlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, upon acceptance from the Clerk of Court, a file-stamped copy of the foregoing Complaint for Damages will be dispatched to the Defendant(s) through first-class mail or other reliable means with a request that said Defendant(s) acknowledge and waive service of process pursuant to F.R.C.P. 4(d). Said persons so served are:

> Dolgencorp, LLC
> c/o CSC of Cobb County, Inc.
> 192 Anderson St SE, Ste 125
> Marietta, Georgia 30060

Executed today, February 22, 2023.

**DOZIER LAW FIRM, LLC**

David Thomas Dorer
Georgia Bar No.: 934408
Attorney for Denna Saxon

DOZIER LAW FIRM, LLC
487 Cherry Street
Post Office Box 13
Macon, Georgia, 31201-0013
(p): 478-742-8441
(f): 478-745-0997
(e): dorerlawteam@dozierlaw.com